IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Briana Bethea, *individually and on behalf of all similarly situated*, ) ) ) Plaintiff, ) ) v. ) ) First-Citizens Bank & Trust Company, ) Jason Maurer, Eric Crain, and Reeves ) Skeen, ) ) Defendants. ) _____ ) | Civil Action No. 2:22-cv-2790-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Briana Bethea's ("Plaintiff") amended complaint, alleging claims against Defendants First-Citizens Bank & Trust Company ("First Citizens" or "the Bank"); Jason Maurer ("Maurer"); Eric Craine[1] ("Craine"); and Reeves Skeen ("Skeen") (collectively, "Defendants"). In her amended complaint, which she purports to bring on behalf of herself and all other similarly situated, Plaintiff alleges the following claims: (1) a claim against First Citizens for various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); (2) a claim against all Defendants for various violations of 42 U.S.C. § 1981; and (3) a claim against all Defendants for violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206. (ECF No. 19.)

On January 9, 2023, First Citizens filed a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and the same day Defendants Maurer, Craine, and Skeene ("individual Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 21 and 22.)

---

[1] This reflects the correct spelling of Defendant Craine's last name.

On July 26, 2023, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant both motions to dismiss.  (ECF No. 31.)  Plaintiff filed objections to the Magistrate Judge's Report, and First Citizens and the individual Defendants filed replies to Plaintiff's objections.  (ECF Nos. 33 and 35.)  For the reasons set forth below, the Court adopts and incorporates the Magistrate Judge's Report and grants both motions to dismiss.

## STANDARDS OF REVIEW

### I.     Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether the Court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  In determining whether subject matter jurisdiction exists, the Court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  The plaintiff bears the burden of proof on questions of subject matter jurisdiction.  *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

### II.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion,

2

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

### III. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In her Report, the Magistrate Judge thoroughly outlined the allegations of Plaintiff's complaint, viewing all inferences in the light most favorable to Plaintiff, and no party has objected to the Magistrate Judge's summary of Plaintiff's allegations. (*See* ECF No. 31 at 2-5.)  After review, the Court finds no clear error and adopts this portion of the Magistrate Judge's Report, repeating herein only the facts necessary to address Plaintiff's specific objections.

## I.     Plaintiff's Title VII Cause of Action

The Magistrate Judge next addressed First Citizens' argument that Plaintiff failed to exhaust her administrative remedies with respect to her Title VII cause of action against the Bank.  After outlining the applicable law and setting forth the allegations contained in both Plaintiff's Charge of Discrimination filed against the Bank with the EEOC ("EEOC charge") and Plaintiff's first cause of action in the amended complaint, which Plaintiff purports to bring on behalf of herself, a race-based class, and a sex-based class, the Magistrate Judge concluded that Plaintiff failed to exhaust her administrative remedies with respect to any Title VII claim based on sex.  The Magistrate Judge explained:

> Plaintiff's EEOC Charge does not mention sex discrimination.  Rather, in the box titled "DISCRIMINATION BASED ON," Plaintiff included only "Race." ECF No. 21-1 at 2.  Further, Plaintiff's narrative states only that she believed she had been "discriminated against because of my race, African-American." *Id.*  In this instance, Plaintiff clearly limited the allegations in her Charge to race discrimination and omitted any reference to sex discrimination. Because Plaintiff's Title VII claim based on sex was not stated in the administrative charge, is not reasonably related to the original charge, and could not reasonably be expected to be developed by reasonable investigation of the original charge, any Title VII claim based on sex discrimination should be dismissed.

4

(ECF No. 31 at 11.)

Additionally, the Magistrate Judge found that Plaintiff failed to exhaust her administrative remedies for any Title VII claim based on a hostile work environment or disparate pay, explaining that Plaintiff's EEOC charge does not mention a hostile work environment or any of the alleged customer hostilities outlined in the complaint. (*Id.*) As the Magistrate Judge noted, the EEOC charge provides November 1, 2021, as the earliest date of alleged discrimination, whereas every enumerated allegation of customer hostility contained in the amended complaint occurred in 2020 or before. Likewise, the Magistrate Judge noted that the EEOC charge makes no mentioned of salary or disparate pay.

Next, the Magistrate Judge found that although Plaintiff's EEOC charge does assert discriminatory failure to promote, the basis for the claim in the EEOC charge is not factually similar to the claim in the amended complaint, such that Plaintiff failed to exhaust her administrative remedies as to the specific claim in the amended complaint. The Magistrate Judge explained:

> Here, Plaintiff's Charge specifically and narrowly states that Plaintiff "applies for two different Treasury Sales/Support positions" and "was not selected for either position" because of her race. ECF No. 21-1 at 2. Moreover, the Charge limits the timeframe of these alleged discriminatory acts to the three-month period between November 2021 and January 2022. By contrast, Plaintiff's Amended Complaint does not mention any "Treasury Sales/Support positions" or her applications for those positions. Instead, the Amended Complaint's allegations assert a much broader claim that Bank managers perpetrated a scheme to systematically prevent Black women from discovering the availability of (and therefore applying for) open positions by refusing to post them.

(ECF No. 31 at 13.) Ultimately, the Magistrate Judge concluded that the allegations in Plaintiff's EEOC charge could not have afforded the Bank with ample notice of the allegations contained in the amended complaint, as the amended complaint's new

5

allegations of a widespread scheme (to not post positions to prevent Black women from applying for them) are not reasonably related to the EEOC charge's original allegations and could not reasonably be expected to be developed by a reasonable investigation of the EEOC charge's original allegations. Accordingly, the Magistrate Judge found that Plaintiff's Title VII claim was subject to dismissal based on Plaintiff's failure to exhaust her administrative remedies.

In her objections, Plaintiff asserts that she exhausted her administrative remedies as to the Title VII violations alleged against the Bank. Plaintiff contends that the touchstone is whether Plaintiff's EEOC charge and the claims in her amended complaint are "reasonably related," and not whether they are precisely the same. (ECF No. 32 at 5 (quoting *Sydnor v. Fairfax County*, 681 F.3d 591, 594 (4th Cir. 2012)).) According to Plaintiff, she exhausted her administrative remedies for any Title VII claim based on sex because "[i]t is entirely reasonable that the occurrences alleged in Plaintiff's Complaint were revealed in the course of the EEOC's investigation, which will be the subject of discovery." (*Id.* at 7.)

Plaintiff also objects that she exhausted her administrative remedies as to any Title VII claim based on hostile work environment because "Plaintiff's hostile work environment claim is reasonably related to her EEOC Charge." (*Id.* at 8.) Plaintiff states:

> In her Charge, Plaintiff complained to Individual Defendant Reeves Skeen that Black clients in the area were inadequately represented because of the lack of diversity among employees. Around this same time, similarly situated employees outside her protected class were invited to have headshot photos taken, and to attend training. Further Plaintiff was not invited to either of these events. Plaintiff complained to a Human Resources Representative about being passed over for available positions to which she applied, as well as the internal restructuring of the staff.

(*Id.* at 8 (citing ECF No. 21-1).)  Plaintiff then outlines the hostile work environment allegations in her amended complaint and states that "[i]t is more than reasonable that such acts and omissions would create a hostile work environment for Plaintiff."  (*Id.* at 8-10.)

Likewise, Plaintiff objects that she exhausted her administrative remedies as to her Title VII claim for failure to promote.  According to Plaintiff, Defendants' alleged racially discriminatory failure to post positions is reasonably related to the allegations in her EEOC charge, such that her EEOC charge would have afforded the Bank with ample notice of the allegations in her amended complaint.  Plaintiff again states that "it is entirely reasonable that the Bank's failures to promote, as alleged in Plaintiff's Amended Complaint, were revealed in the course of the investigation by the EEOC."  (*Id.* at 11.)  Plaintiff then asserts that the Magistrate Judge misconstrued her amended complaint by determining that her allegations assert a broad scheme to systematically prevent Black women from discovering available positions.  Plaintiff states:

> The Plaintiff makes no such allegations.  Rather, Plaintiff has alleged that had she or her Black, minority, and/or female coworkers been aware of these open positions, they likely would have applied for them but were never given the opportunity.  ECF No. 19 ¶ 54.  The fact that Defendants did not post these positions **had the effect of freezing out** qualified Black, minority, and/or females from the higher-paying positions. (emphasis added) ECF No. 19 ¶ 55.  It is clear that such allegations are expected to be developed by a reasonable investigation of Plaintiff's charge, in which she states that she was not promoted.

(ECF No. 32 at 11-12.)

After consideration of the applicable law and a *de novo* review of the record, the Court is not persuaded by Plaintiff's objections.  First, leaving aside the act that Plaintiff's objections simply rehash arguments that the Magistrate Judge specifically considered and rejected, as to Plaintiff's assertion that she exhausted her administrative remedies for any

7

sex-based Title VII claim, the Court agrees with the Magistrate Judge that *nothing* in the EEOC charge supports Plaintiff's argument. As the Magistrate Judge noted, the EEOC charge makes *no mention* of sex-based discrimination. Although Plaintiff is correct that courts are to construe charges of discrimination liberally, courts are "not at liberty to read into administrative charges allegations they do not contain," which is essentially what Plaintiff asks this Court to do. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013). Here, because Plaintiff's EEOC charge clearly and unequivocally alleges *only* race-based discrimination, it is simply not reasonable to conclude that the allegations of sex-based discrimination contained in Plaintiff's amended complaint are sufficiently related to the allegations of race-based discrimination in her EEOC charge, or that they necessarily would have been developed by a reasonable investigation of the allegations in her EEOC charge. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.") (quoting *Evans v. Technologies Apps. & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996)). Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to exhaust her administrative remedies for any Title VII claim based on sex-based discrimination.

Likewise, the Court is not persuaded by Plaintiff's objection that she exhausted her administrative remedies for any Title VII claims based on hostile work environment and disparate pay. As the Magistrate Judge explained, Plaintiff's EEOC charge simply does not mention a hostile work environment or *any* of the alleged customer hostilities outlined in Plaintiff's amended complaint. Nor does Plaintiff's EEOC charge contain *any* mention

8

of salary or disparate pay. Instead, Plaintiff's EEOC charge refers to specific and narrow dates, which do not include any of the allegations of approximately fourteen years of alleged harassment outlined in Plaintiff's amended complaint. *See*, *e.g. O'Neal v. Wal-Mart Stores E. LP*, No. 4:11-CV-01239-TLW, 2012 WL 2264689, at *1 (D.S.C. Apr. 3, 2012), *report and recommendation adopted in part*, No. CIV.A. 4:11-1239-TLW, 2012 WL 2264435 (D.S.C. June 18, 2012) (citing *Malhotra v. KCI Techs., Inc.*, No. 06–1018, 2007 WL 2025197 (4th Cir. July 11, 2007) ("Where a charge alleges only disparate treatment discrimination, claims of hostile work environment harassment are not sufficiently related to the initial charge to entitle the charging party to raise them in a subsequent lawsuit."); *see also Chako*, 429 F.3d at 511 (explaining that "discrete acts of discrimination" such as "failure to promote and retaliatory demotion" are "clearly not allegations of a hostile work environment").

After *de novo* review, therefore, the Court agrees with the Magistrate Judge that Plaintiff's EEOC charge makes no reference to a hostile work environment or claims of disparate pay, as the EEOC charge includes none of the facts she alleges in her amended complaint to support such claims. Furthermore, because such claims are not reasonably related to the original charge or reasonably expected to be developed by investigation of the original charge, the Court concludes that Plaintiff has failed to administratively exhaust any Title VII claims based on hostile work environment or disparate pay.

Plaintiff also objects that she exhausted her administrative remedies for the failure-to-promote claim alleged in her amended complaint. Here again, however, after a *de novo* review of the record and the applicable law, the Court agrees with the Magistrate Judge that, although Plaintiff's EEOC charge does allege a failure-to-promote claim, the

9

claim is narrow and refers to Plaintiff's application for two different "Treasury Sales/Support positions," which occurred between November of 2021 and January of 2022, and for which Plaintiff was not selected allegedly because of her race. Plaintiff's amended complaint, on the other hand, makes *no mention* of these "Treasury Sales/Support positions" or her applications for them. Instead, the amended complaint includes broad allegations regarding white males being promoted to positions that were not posted. After consideration, the Court agrees with the Bank that "it strains credulity to suggest that the EEOC would have stumbled across facts underlying a scheme by the Bank to *avoid posting* positions in its investigation of Plaintiff's Charge about *two posted positions*." (ECF No. 33 at 22.) *See Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (citation and internal quotation marks omitted) ("[W]hen the claims in her court complaint are broader than the allegation of a discrete act or acts in the administrative charge, they are procedurally barred."); *Sydnor v. Fairfax County*, 681 F.3d 591, 593 (4th Cir. 2012) (omission in original) (quoting *Chacko*, 429 F.3d at 506) ("[A] plaintiff fails to exhaust [her] administrative remedies where . . . [her] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal suit."). Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to exhaust her administrative remedies with respect to the failure-to-promote claim alleged in her amended complaint.

In all, the Court finds that the Magistrate Judge fairly and accurately summarized Plaintiff's allegations and correctly applied the law when determining that Plaintiff has failed to exhaust her administrative remedies with respect to her Title VII claim, and the Court finds Plaintiff's objections to the contrary unavailing. Accordingly, for the reasons set forth

by the Magistrate Judge in the Report and for the reasons set forth herein, the Court grants the Bank's motion to dismiss Plaintiff's Title VII claim.[2]

## II. Plaintiff's § 1981 Cause of Action

After outlining the allegations of Plaintiff's § 1981 claim against Defendants and the applicable law, the Magistrate Judge determined that Plaintiff has failed to allege a viable § 1981 claim. First, as to Plaintiff's hostile work environment claim under § 1981, the Magistrate Judge found that it does not include sufficient facts to establish (1) that the alleged incidents were severe and pervasive; (2) that the customers' conduct was imputable to any Defendants; or (3) that Plaintiff would have been treated any differently if she were white. (*See* ECF No. 31 at 16-22.)

Next, the Magistrate Judge found that Plaintiff has failed to state a disparate treatment claim under § 1981, explaining that "[i]t is unclear from Plaintiff's conclusory allegations what the factual basis for the alleged disparate working conditions and denied terms and conditions might be." (*Id.* at 22.) The Magistrate Judge outlined Plaintiff's factual allegations concerning an event held at McLeod Plantation, finding that Plaintiff did not allege the necessary but-for causation concerning the incident to support a claim under § 1981. The Magistrate Judge also determined that even if Plaintiff's § 1981 claim did alleged discrimination based on pay disparity or failure to promote, her bundled allegations of race-based and sex-based discrimination do not allege the necessary but-for causation. Likewise, with respect to the individual Defendants, the Magistrate Judge found that Plaintiff

---

[2] As the Magistrate Judge noted, unlike Plaintiff's sex-based discrimination claim or her hostile work environment and disparate treatment claims, Plaintiff may be able to cure the deficiencies in her failure-to-promote claim by amending the complaint to allege facts that conform to the claim in her EEOC charge. Although Plaintiff has not moved to amend her complaint, the Court dismisses the failure-to-promote claim without prejudice as recommended by the Magistrate Judge.

failed to plead facts to establish individual liability under § 1981 for the alleged disparate pay and denial of promotional opportunities. Accordingly, the Magistrate Judge recommended that the Court dismiss Plaintiff's § 1981 claim in its entirety. (*See* ECF No. 31 at 22-25.)

In her objections, Plaintiff asserts that her § 1981 claim should not be dismissed. Specifically, Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff's § 1981 hostile work environment claim fails to include sufficient facts to (1) meet the severe and pervasive standard, (2) establish that the customers' conduct was imputable to Defendants, or (3) allege but-for causation.

With respect to the severe and pervasive standard, Plaintiff asserts that the Magistrate Judge correctly stated the applicable standard but then failed to apply it. According to Plaintiff, "the Report fails to recognize that the law requires Plaintiff to **assert plausible legal claims**, it is not a requirement of the law that the Plaintiff convince the court of the merits of such claims at the 12(b)(6) stage." (ECF No. 32 at 13 (emphasis in original).)

As to the Magistrate Judge's finding that Plaintiff failed to allege sufficient facts to plausibly show that the customers' conduct is imputable to Defendants, Plaintiff asserts that the Magistrate Judge considered only three of Plaintiff's factual allegations regarding the Bank and failed to consider a single factual allegation regarding the individuals. According to Plaintiff, the Magistrate Judge:

> failed to consider Plaintiff's allegation that Plaintiff and her Black, minority and/or female coworkers made **numerous** protected complaints of this pattern and practice of racial and gender discrimination in compensation and promotions to Human Resources, and Individual Defendants Maurer, Craine,

12

> and Skeen, including complaints of wage disparities between Black, minority and white employees, but no remedial action was taken to stem the discrimination.

(*Id.* at 14 (emphasis in original.)

Lastly, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to allege facts from which the Court could infer the necessary but-for causation to support a § 1981 claim. Plaintiff asserts that the Magistrate Judge considered only the isolated incident at McLeod Plantation, which was one of many allegations that support a finding of but-for causation (although Plaintiff does not specifically identify any of the "many"). And Plaintiff objects to the Magistrate Judge's finding of no alleged but-for causation based on pay disparity or failure to promote, stating: "What is apparent from Plaintiff's allegations and the Complaint as a whole is that Plaintiff has provided a pattern of conduct by Individual Defendants and the Bank that support that they 'would have responded differently but for [Plaintiff's] race' and therefore she 'has not received the same right as a white person.'" (*Id.* at 16 (citing *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S.Ct. 1009 (2020).)

Here, after *de novo* review, the Court finds Plaintiff's objections unavailing. As the Magistrate Judge noted, the substance of Plaintiff's § 1981 claim includes only conclusory allegations with a vague reference to "actions described in this Complaint, among others." (ECF No. 19 ¶ 123.) Nevertheless, it is clear to this Court that the Magistrate Judge carefully reviewed all of Plaintiff's factual allegations to parse out details that Plaintiff may have been referencing to support this claim. And after analyzing these allegations, the Magistrate Judge found that Plaintiff's 1981 claim fails for multiple reasons, all of which this Court agrees with because Plaintiff's objections do nothing to alter the Court's analysis.

13

First, considering the allegations in Plaintiff's amended complaint to be true, the Court agrees with the Magistrate Judge that the inappropriate customer incidents alleged by Plaintiff simply do not meet the severe and pervasive standard to give rise to a hostile work environment claim as a matter of law. *See Carroll v. United Parcel Serv., Inc.,* No. 1:17-cv-03108-DCC-JDA, 2018 WL 4126450, at *4 & n.5 (D.S.C. Mar. 15, 2018). Likewise, the Court agrees with the Magistrate Judge that the amended complaint does not include facts to show that the inappropriate customer incidents can be imputed to the Bank or to the individual Defendants, and Plaintiff's objections do not effectively address this point. Rather, Plaintiff focuses her objections on her alleged complaints of racial and gender discrimination based on disparate pay and failure to promote, which Plaintiff does not actually plead in support of her hostile work environment claim. Regardless, the Fourth Circuit has clearly indicated that "discrete acts of discrimination" such as "failure to promote and retaliatory demotion" are "clearly not allegations of a hostile work environment." *Chako*, 429 F.3d 505, 511 (4th Cir. 2005). Furthermore, the Court finds that Plaintiff has failed to allege causation to support a § 1981 hostile work environment claim.

Lastly, the Court finds that Plaintiff's failure-to-promote and disparate pay allegations do not state a viable § 1981 claim, as they are plainly based upon allegations of sex-based discrimination, either alone or in addition to race-based discrimination, and such mixed-motive allegations do not plausibly state viable § 1981 claims.

In all, the Court finds that the Magistrate Judge correctly determined that Plaintiff's allegations fail to state a viable § 1981 claim for the multiple reasons outlined in the Report. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's § 1981 cause of action.

### III.    Plaintiff's EPA Cause of Action

While addressing Plaintiff's EPA claim, the Magistrate Judge outlined the applicable law and Plaintiff's allegations and ultimately agreed with Defendants that Plaintiff has failed to plead facts sufficient to identify a plausible male comparator because Plaintiff's amended complaint includes only conclusory allegations that males were paid more than she was for engaging in equal work.  The Magistrate Judge explained: "Here, Plaintiff's conclusory allegations of largely unidentified comparators with no factual details as to their working conditions or the skill, effort, and responsibilities of the employees is not sufficient to permit a reasonable inference that Defendants are liable for an Equal Pay Act violation." (ECF No. 31 at 28 (citing *Bailey v. SC Dep't of Corr.*, No. CV 3:17-3500-TLW-KDW, 2018 WL 2144548, at *7 (D.S.C. Feb. 23, 2018).)

In her objections, Plaintiff asserts that she "alleged in Paragraph 49 [of her amended complaint] that a white male Senior Sales and Services Representative working **in the same branch** with less tenure in that position was making $1.50 more per hour." (ECF No. 32 at 18 (emphasis in original).)  According to Plaintiff, although she cannot recall the name of the individual, "she has provided sufficient context to confirm that this is a 'particular' and 'actual' male comparator and not a statistical one." (*Id.* at 18.)  Thus, Plaintiff objects that she has pleaded a prima facie case under the EPA to survive Rule 12(b)(6).

As the Magistrate Judge explained in the Report, to state a claim for relief under the EPA, a plaintiff must plead facts showing that: (1) the employer paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility (3) under similar working conditions.  *See Hinton v. Virginia Union*

*Univ.*, 185 F. Supp. 3d 807, 841-42 (E.D. Va. 2016); *Spencer v. Virginia State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019), *as amended* (Mar. 26, 2019) (citing *EEOC v. Maryland Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018); *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)).  Thus, as part of establishing a *prima facie* violation of the EPA, a plaintiff "must identify a particular male 'comparator' for purposes of the [claim], and may not compare herself to a hypothetical or 'composite' male."  *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 948 (4th Cir. 1995) (quoting *Houck v. Va. Polytechnic Institute & State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993)).

Here, the Court has reviewed paragraphs 49 and 57 of Plaintiff's complaint, which Plaintiff references in her objections.  While Plaintiff is correct that she alleges in paragraph 49 that she was paid a lower hourly rate than a white male with less tenure, nowhere does Plaintiff allege that he was working "in the same branch" as her, as Plaintiff inaccurately asserts in her objections; nor does Plaintiff specifically allege what the white male's role was at the time.  (*See* ECF No. 19 ¶¶ 49, 57.)  In other words, Plaintiff's objection effectively asks the Court to read into her complaint allegations that are not included in her amended complaint, which this Court declines to do.  Ultimately, it appears that the Magistrate Judge correctly concluded that "Plaintiff does not allege any facts regarding the Bank location where this 'white male with less tenure' worked, his job duties, his working conditions, his skills, or his responsibilities in the position."  (ECF No. 31 at 27.)  Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's conclusory allegations are insufficient to state a plausible claim under the EPA.

## **CONCLUSION**

Based on the foregoing, the Court hereby **adopts** and **specifically incorporates**

the Magistrate Judge's Report (ECF No. 31); the Court **overrules** Plaintiff's objections (ECF No. 32); and the Court **grants** both First Citizens' and the individual Defendants' motions to dismiss (ECF Nos. 21 and 22).

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

September 27, 2023
Charleston, South Carolina